◼ CAROL A. BARNETT, Appellant, v GEORGE M. BARNETT et al., Respondents, et al., Defendants. (And Two Other Actions.)—Appeals from an order of the Supreme Court at Special Term, entered August 24, 1979 in Clinton County, and from orders of the Supreme Court at Special Term, entered October 4, 1979 and October 5, 1979 in Clinton County, which granted summary judgment in favor of certain defen-

dants in two of three related actions and canceled a *lis pendens* with respect to certain properties alleged to be the subject of those actions. Plaintiff and defendant, George M. Barnett, are husband and wife. In the context of a matrimonial action, plaintiff instituted three separate but related actions against multiple defendants, including her husband, his parents, closely held corporations in which her husband holds substantial ownership interests, a partner of her husband and persons with whom he had allegedly held or holds joint title to real estate. One of the actions seeks to impress a constructive trust upon any interest her husband has in the corporate and partnership enterprises and upon any assets in which her husband has an interest. The other two actions seek to set aside an allegedly fraudulent conveyance between her husband and his parents and to award her a proportionate share of the various properties. After answers were served, the defendants made motions attacking the pleadings and for other relief. Initially, on August 24, 1979, Special Term canceled the *lis pendens* with respect to all but two of the properties in question and enjoined the corporations and partnerships from paying any funds resulting from the sale of real properties owned by said corporations and partnerships to plaintiff's husband. Thereafter, on October 4 and October 5, 1979, Special Term, in two separate orders, granted, among other things, summary judgment dismissing the complaint as to plaintiff's husband's parents and adjudged them sole owners of property located in Beekmantown, New York, and granted summary judgment to all defendants except plaintiff's husband. The instant appeals ensued. Basically, it is contended by plaintiff that her husband, by various actions and conveyances of real property, has concealed his assets and interests in certain real property to deprive her of her rightful share. Specifically, she contends that this has been accomplished by a series of conveyances of real property to his parents, certain partnerships and corporations. By her complaint and affidavits, plaintiff alleges that during her marriage she gave her husband $3,000 for the explicit purpose of purchasing certain real estate; that the property was bought and later sold at a profit; that she has consistently paid over her entire salary, amounting to between $8,000 and $15,000 annually, to him on his promise to invest same in real estate; that he expressly agreed and promised that she was to have a 50% share of all ventures; and that she has never received any of the proceeds but has permitted her husband to reinvest the moneys in other properties. Defendant husband, in substance, denies all of these allegations. Plaintiff also alleges that her husband has access to corporate and partnership assets for his personal use and that he had a $2,000 draw on one of the corporations. In sum, plaintiff alleges her husband treated the corporate and partnership assets and properties as his own. A reading of plaintiff's complaint demonstrates that she has alleged a prima facie cause of action to impress a constructive trust on certain assets of her husband *(Saff v Saff,* 61 AD2d 452, app dsmd 46 NY2d 969). Inferentially, Special Term so found but granted summary judgment as to the other defendants. As a general rule, plaintiff's action for a constructive trust can only affect her husband's stock and ownership interest in the partnership and not the realty or monetary assets of the corporation or partnership. A fair reading of this record, however, in our view, raises questions of fact as to the equitable ownership of the real estate. This conclusion is bolstered by the statement in defendant husband's

papers that he and one of his partners are the equitable owners of property held by a corporation in which he and the partner own stock. It is conceivable that there are other agreements between defendant husband and his various associates, including his parents. Although such information is solely within the knowledge of the defendants, it may be obtained by proper discovery proceedings. This being so, and viewing the facts in a light most favorable to plaintiff, summary judgment as to these defendants was improperly granted (see *Gale-Oppenheimer v Weinstein,* 36 AD2d 536; CPLR 3212, subd [f]). We pass to the action wherein plaintiff seeks, *inter alia,* to set aside as fraudulent a transaction between her husband and his parents. Certain camp property, plaintiff alleges, was purchased with a loan of $7,000 to her husband from the Keeseville National Bank, which was used as a down payment and title taken in his parents' name. The record reveals that her husband's father was a former officer of a bank; that an $18,000 purchase-money mortgage made up the balance of the purchase price; and that her husband lives part time in the property and allegedly pays monthly rent. Plaintiff also alleges that she and her son saw a check at the home of her husband's parents in the sum of $7,000 on which the name of George A. Barnett (father) was payee and that the check was indorsed by George M. Barnett (husband). Other documents in the record reveal a deed of the premises to the parents and a cashier's check in the sum of $7,000 payable to and indorsed by "George Barnett". Again, viewing the facts in a light most favorable to plaintiff, we conclude that questions of fact are presented which require a trial. Consequently, summary judgment should not have been granted. Finally, in view of these determinations, together with an absence of a showing that plaintiff failed to prosecute her action in good faith, that part of the order entered August 24, 1979, canceling the *lis pendens,* should be reversed (CPLR 6514). In summary, therefore, in view of the relationship of the parties, the allegations in the complaint and affidavits, and the drastic nature of the remedy of summary judgment, the orders in each instance should be reversed. Order, entered August 24, 1979, modified, on the law, by reversing so much thereof as canceled the *lis pendens* filed by plaintiff, and, as so modified, affirmed, with costs. Orders, entered October 4, 1979 and October 5, 1979, reversed, on the law, with costs, and motions for summary judgment denied. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.